UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00073-HBB

SARAH M. MAY                                                                                              PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Sarah M. May seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is REVERSED, and this matter is REMANDED pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered July 23, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

May filed a Title II application for a period of disability and disability insurance benefits on August 1, 2014 (Tr. 212-227). She also protectively filed a Title XVI application for supplemental security income on August 1, 2014. In both applications, May alleged that she became disabled on July 27, 2014 as a result of depression, fibromyalgia, anxiety, and tinnitus (Tr. 254). Administrative Law Judge Lisa R. Hall ("ALJ") conducted a hearing on January 17, 2017. The conference was held via video conference with the ALJ presiding from Paducah. May and her counsel, Sara J. Martin, appeared in Owensboro, Kentucky. James B. Adams an impartial vocational expert also appeared and testified at the hearing.

In a decision dated August 8, 2017, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-26). At the first step, the ALJ found May has not engaged in substantial gainful activity since July 27, 2014, the alleged onset date (Tr. 19). At the second step, the ALJ determined that May's depression and anxiety are "severe" impairments within the meaning of the regulations (Tr. 20). Notably, at the second step, the ALJ also determined that May's degenerative disc disease is a "non-severe" impairment within the meaning of the regulations (Tr. 20). At the third step, the ALJ concluded that May does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21).

At the fourth step, the ALJ found May has the residual functional capacity to perform the full range of work at all exertional levels with non-exertional limitations (Tr. 22). More specifically, the ALJ found that May should avoid climbing ladders and avoid moderate exposure to hazards such as unprotected heights or moving/dangerous machinery. She can perform simple, routine, repetitive work tasks, meaning tasks that apply commonsense understanding to carry out

instructions furnished in written, oral, or diagrammatic form, with the ability to deal with problems involving several concrete variables in or from standardized situations. She can frequently interact with co-workers and supervisors but only occasionally interact with the general public. She should not work in a fast-paced or production-based work environment but could do entry-level or goal-oriented work (Tr. 22). Relying on testimony from the vocational expert, the ALJ found that May is unable to perform any of her past relevant work (Tr. 24).

The ALJ proceeded to the fifth step where she considered May's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 25). The ALJ found that May is capable of performing a significant number of jobs that exist in the national economy (Tr. 25). Therefore, the ALJ concluded that May has not been under a "disability," as defined in the Social Security Act, from July 27, 2014 through the date of the decision (Tr. 26).

May timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 141-42). The Appeals Council denied May's request for review of the ALJ's decision (Tr. 1-7).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting

Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied May's request for review of the ALJ's decision (Tr. 1-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied May's claim at the fifth step.

## Challenged Findings

1. Step Four

May argues that the ALJ failed to assign proper weight to several medical opinions (DN 15-1 PageID # 1371-1375). She contends that the opinions of Dr. Robert Adams, Dr. Michael Mayron, and Dr. Ronsolyn Clark all should have been assigned controlling weight by the ALJ (Id. at 1371-75). In turn, May argues that the ALJ erroneously assigned great weight the opinion of Dr. Mary Thompson—a state agency medical consultant (Id. at 1375). May asserts these decisions are not supported by substantial evidence and violate the treating physician rule. She asks this Court to remand the ALJ's decision. The Commissioner responds arguing that the ALJ's assignment of weight to the various medical opinions in the record complied with Social Security

regulations. The Commissioner contends the decision is supported by substantial evidence and therefore must be upheld (DN 20 PageID # 1395-1402).

Social Security regulations require Administrative Law Judges to evaluate every medical opinion in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c).[1] The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source. 20 C.F.R. §§ 404.1527(c), 416.927(c). A treating source opinion should be afforded controlling weight if the opinion is well supported by medically acceptable diagnostic techniques and the opinion is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6)[2] of this section in deciding how much weight to accord each of the medical opinions in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c).

As a general matter, the opinion of an examining physician is entitled to less weight than the opinion of a treating physician, and the opinion of a non-examining state agency physician is entitled to the least weight of all. 20 C.F.R. §§ 404.1527(c)(1), (c)(2), and (e), 416.927(c)(1), (c)(2), and (e); Social Security Ruling 96-6p. In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Social Security Ruling 96-6p, 1996 WL 374180, at *2 (July 2, 1996). For this reason, the opinions of non-examining State agency psychological

---

[1] Effective March 26, 2012, the numbering of the treating physician rules changed. Section 416.927(d)(2) became 416.927(c)(2), and section 404.1527(d)(2) became 404.1527(c)(2).

[2] These factors are: 1) The length of the treatment relationship and frequency of examinations; 2) nature and extent of the treatment relationship; 3) the relevant evidence that the treating physician relies upon; 4) the consistency of the opinion with the record as a whole; 5) specialization of the treating physician.

advisers can be given weight only to the extent they are supported by the evidence in the record.[3] 20 C.F.R. §§ 404.1527(f), 416.927(f); Social Security Ruling 96-6p; see also Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).

The regulations provide that "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). When a non-examining source has not reviewed a significant portion of the record, and the Administrative Law Judge fails to indicate that he has "at least considered [that] fact before giving greater weight" to the reviewing doctor's opinion, the decision cannot stand. Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). But when the opinions of non-examining State agency medical/psychological advisors are consistent with the record, those opinions represent substantial evidence to support the Administrative Law Judge's decision. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); Social Security Ruling 96-6p, 1996 WL 374180, at *2, 3; Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).

A. Dr. Robert Adams

May argues that the ALJ did not assign appropriate weight to several physicians with whom she had varying levels of treating relationships and relied too heavily on a state agency medical consultant. The first challenged opinion is that of Dr. Robert Adams, Psy. D.—who's opinion May contends should have been given controlling weight (DN 15-1 PageID # 1372). Dr. Adams diagnosed May with "major depression recurrent, severe with psychotic features and personality

---

[3] In making this assessment consideration should be given to such factors as the supportability of the opinion in light of all of the evidence in the record (not just the evidence in the record at the time the opinion was rendered), the consistency of the opinion with the record as a whole (including other medical opinions), and any explanation for the opinion provided by the non-examining State agency psychological consultant. Social Security Ruling 96-6p, 1996 WL 374180, at *2 (July 2, 1996).

disorder" (Tr. 492). Dr. Adams opined that it is unlikely May "could tolerate the stress and pressures of day-to-day work activities over time" (Tr. 493).

Importantly, Dr. Adams is not a treating source—but a consultative examiner. He examined May only once (Tr. 488-493). As such, his opinion is not entitled to controlling weight. "Opinions from non-treating and non-examining sources are never assessed for controlling weight." Gayheart v. Comm'r of Soc. Sec., 710 F. 3d 365, 375-76 (6th Cir. 2013). Precluded from receiving controlling weight, the opinions of consultative examiners should be evaluated against the enumerated factors in 20 C.F.R. §§ 404.1527(c), 416,927(c)(1)-(6). These factors are: 1) the length of the treatment relationship and frequency of examinations; 2) nature and extent of the treatment relationship; 3) the relevant evidence that the treating physician relies upon; 4) the consistency of the opinion with the record as a whole; 5) specialization of the treating physician. The ALJ failed to consider those here. The ALJ addressed Dr. Adams' opinion in one sentence. She did not indicate she was aware that Dr. Adams examined May. She does not evaluate the evidence Dr. Adams relies on to form his opinion. She only vaguely refers to inconsistencies "with her array of retained abilities and reports of improvement" (Tr. 24). But she cited no specific evidence that contradicts Dr. Adams' opinion and supports her assignment of nominal weight.

The procedural requirements for assigning weight to medical opinions are not a mere formality. They are intended to safeguard the claimant's procedural rights. Cole v. Astrue, 661 F. 3d 931, 937 (6th Cir. 2011). An Administrative Law Judge's reasons for assigning weight to a medical opinion must be supported by the case record, and sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the source's medical opinion and the reasons for that weight. This process allows for meaningful review of the ALJ's application of the Social Security regulations. *See* Gayheart, 710 F.3d at 375-76 (*citing* Wilson v. Comm'r of Soc.

Sec., 378 F. 3d 541, 544 (6th Cir. 2004). Without more from the ALJ, the undersigned cannot determine the reasons for the ALJ's assignment of nominal weight to Dr. Adams' medical opinion.

  B.  Dr. Michael Mayron

May next challenges the ALJ's assignment of limited weight to the opinion of Dr. Michael Mayron (PageID # 1372). Unlike Dr. Adams, Dr. Mayron is a treating source. As such, his opinion is entitled to controlling weight if it is well supported by medically acceptable diagnostic techniques and the opinion is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If the administrative law judge determines that one or both requirements is not satisfied, they must provide "good reasons" for doing so. Gayheart, 710 F.3d 365, 375-76.

Dr. Mayron treated May regularly from October 2015 to August 2016 for mental health issues (Tr. 1051-1072). He provided a medical source statement which discussed his treatment of May and her condition (Tr. 1300-04). In that statement he described bouts of dizziness and panic attacks onset by anxiety with no apparent trigger. He described this as a severe impairment (Tr. 1300-01). He suggested the panic attacks could be aggravated by normal workplace pressures and returning to work could cause her condition to decompensate (Id.). May also submitted medical records and progress notes from Dr. Mayron that corroborate his medical source statement (Tr. 1276-85, 1305-14).

Here, the ALJ did not acknowledge that Dr. Mayron was a treating physician. Furthermore, the ALJ entirely failed to address whether Dr. Mayron's opinion was entitled to controlling weight (Tr. 24). She merely stated, without explanation, that she assigned the opinion "limited weight." (Tr. 24). The ALJ's failure to provide "good reasons" for not assigning controlling weight to Dr. Mayron's opinion precludes a meaningful review of whether the ALJ properly applied the treating-

physician rule that is at the heart of the regulations. See Gayheart, 710 F. 3d at 376-77.

The ALJ nominally addressed some of the factors in 20 C.F.R. §§ 404.1527(c), 416,927(c)(1)-(6). The ALJ stated that May "experienced improvement" and "the record fails to support the occurrence of severe panic attacks." These are properly addressed only *after* the ALJ has determined that the treating source is not entitled to controlling weight. Gayheart, 710 F.3d 365, 375-76. With regard to the ALJ's findings concerning these factors, the ALJ did not consider the frequency of Dr. Mayron's meetings with May. She did not engage with the evidence Dr. Mayron used to form his opinion that May's condition was severe. Notably, his own treatment records indicate May's anxiety and post-traumatic stress syndrome worsened (Tr. 1281, 1307) and that she suffers from insomnia (Tr. 1310). Regarding consistency with the rest of the medical record, it is true that Dr. Mayron's records indicate some level of improvement. But, analysis of his medical records shows that it was not a strictly linear process and May sometimes regressed. The ALJ's cursory reference to improvement is not supported by any medical evidence detailing the extent and nature of that improvement, making it impossible for a reader to determine why the ALJ concluded May was not disabled. The ALJ is also incorrect that severe panic attacks were not reported to mental health providers. They were certainly reported to Dr. Mayron, one of May's treating physicians. He discussed repeated panic attacks in his medical source statement (Tr. 1300). They were also reported to Dr. Ronsolyn Clark, another treating physician (Tr. 502). In light of the above the ALJ clearly failed to properly consider the factors in her assignment of weight to Dr. Mayron's opinion. Therefore, the findings regarding the weight accorded to Dr. Mayron's opinion are not supported by substantial evidence in the record and do not comport with applicable law.

C. Dr. Ronsolyn Clark

May also challenges the ALJ's assignment of weight to the opinion of Dr. Ronsolyn Clark. Like Dr. Mayron, Dr. Clark is a treating physician. Dr. Clark was May's treating psychologist at River Valley Behavioral Health. She also provided a medical source statement and opined that May was unable to sustain full-time employment (Tr. 1170). The record includes clinical notes from May's treatment sessions with Dr. Clark.

Dr. Clark's opinion is entitled to controlling weight unless it is shown to not be well supported by clinical laboratory techniques or is inconsistent with other evidence in the record. Again, the ALJ failed to address whether Dr. Clark's opinion was entitled to controlling weight, and simply stated that the opinion was assigned "nominal weight" (Tr. 24). Thus, the ALJ failed to provide good reasons why Dr. Clark's opinion failed to meet either prong of the test prescribed by the regulations. The ALJ cursorily addressed the factors that are properly applied after the ALJ has determined that a treating source physician is entitled to controlling weight. The ALJ did not acknowledge Dr. Clark as a treating physician or discuss the length and frequency of her treatment relationship with May. She does not discuss any of the evidence relied upon by Dr. Clark in forming her opinion, she merely dismisses it as inconsistent with reports of improvement without citing medical evidence supporting that conclusion (Tr. 24). The ALJ does cite daily tasks that May is capable of completing, such as attending church and shopping. However, she does not explain why this is evidence that her symptoms of anxiety are exaggerated (Tr. 24). Without more, the reader is unable to determine why Dr. Clark's opinion was discounted. Therefore, the ALJ's treatment of Dr. Clark's medical opinion does not comply with the treating physician rule and is not supported by substantial evidence.

D. Dr. Mary Thompson

May's final challenge to the ALJ's assignments of weight is to the opinion of Dr. Mary Thompson. Dr. Thompson is a state agency consultant and did not examine May personally. Rather, she relied on a review of May's medical records (Tr. 111-123). As a general matter, the opinion of an examining physician is entitled to less weight than the opinion of a treating physician, and the opinion of a non-examining state agency physician is entitled to the least weight of all. 20 C.F.R. §§ 404.1527(c)(1), (c)(2), and (e), 416.927(c)(1), (c)(2), and (e); Social Security Ruling 96-6p. The ALJ afforded Dr. Thompson's opinion "great weight." She supported her finding with one sentence explaining her belief that the opinion was consistent with the rest of the medical record (Tr. 24).

Notably, at the time Dr. Thompson conducted her review the medical record was not fully developed (Tr 111-136). When a non-examining source has not reviewed a significant portion of the record, and the Administrative Law Judge fails to indicate that he has "at least considered [that] fact before giving greater weight" to the reviewing doctor's opinion, the decision cannot stand. Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). The ALJ failed to acknowledge this shortcoming in Dr. Thompson's evaluation. The ALJ afforded Dr. Thompson's opinion great weight—more weight assigned to any of May's treating physicians.

The ALJ's explanations for her assignment of weight to almost all the medical opinions in the record are severely lacking, none more so than to the opinion of the non-examining state agency consultant that she afforded the greatest weight. This does not abide the requirements of the Social Security regulations. The ALJ's residual functional capacity determination is not supported by substantial evidence. As a result, the decision must be remanded for further proceedings.

2. Step Five

The undersigned is aware that May has also presented a step five challenge to the ALJ's decision. Specifically, she claims that the finding was not supported by substantial evidence because the ALJ relied on testimony from the vocational expert that was outdated, and therefore unreliable. This Court has in some instances remanded social security cases on this basis. See Johnson v. Commissioner of Social Security 4:16-cv-00106-HBB; Moore v. Commissioner of Social Security 4:17-cv-00091-HBB; Hamilton v. Commissioner of Social Security 4:17-cv-00053-HBB. The Court need not address this issue in light of the above findings that merit a reversal of the final decision of the Commissioner and remand for further proceedings. On remand, May will have the opportunity to develop the record on that issue through cross-examination of the vocational expert.

Accordingly, the final decision of the Commissioner will be reversed, and this matter will be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for reconsideration with instructions to conduct additional proceedings to remedy the above identified defects in the original proceedings. *See* Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994) (sentence four of 42 U.S.C. § 405(g) authorizes a post judgment remand).

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.



Copies:     Counsel